FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION          11 FEB 16 AM 10: 49

RICHARD M. LINDSAY,

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA, FLORIDA

**Plaintiff,**

-vs-

Case No. 11-
HON.

8:11 CV 319 24 MAP

**NCO FINANCIAL SYSTEMS, INC,**

**Defendant.**

LAW OFFICES OF BRIAN P. PARKER, P.C.
BRIAN P. PARKER 0980668)
Attorney for Plaintiff
30700 Telegraph Rd., Suite 1580
Bingham Farms, MI 48025
(248) 642-6268
(248) 642-8875 (FAX)
lemonlaw@ameritech.net
WWW.COLLECTIONSTOPPER.COM

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, **RICHARD M. LINDSAY,** (Plaintiff) by and through counsel, brings this

action against the above listed Defendant **NCO FINANCIAL SYSTEMS, INC**, ( NCO or

Defendant) on the grounds and in the amounts set forth herein:

### I. PRELIMINARY STATEMENT

The plaintiff brings this action for damages based upon the Defendant's violations

of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 *et seq*, and the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq.and seeks actual

damages, punitive damages, costs and attorney's fees.

TPA-3552
$350

## II. PARTIES

1.

The Plaintiff is a natural person and consumer, a resident of Brandon, Hillsborough County, Florida, and a "consumer" as defined by 15 U.S.C. § 1692a(3).

2.

The defendant is a Foreign Profit Corporation with its registered agent located in Plantation Florida.

3.

The defendant is engaged in the collection of debts from consumers using the mail and telephone. The defendants regularly attempt to collect consumer debts alleged to be due another and is a "debt collector" as provided in 15 U.S.C. § 1692a(6).

## III. JURISDICTION AND VENUE

4.

This court has subject matter jurisdiction over this Complaint pursuant to FDCPA, 15 U.S.C. § 1692 *et seq*. The venue is proper in any court of competent jurisdiction under 15 U.S.C. § 1692k(d).

## IV. STATUTORY STRUCTURE

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

5.

The FDCPA was passed to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuse. 15 U.S.C. § 1692.

6.

Under the FDCPA, a "consumer" is any natural person obligated or allegedly obligated to pay any debt. 15 U.S.C. §1692a(3).

7.

Under the FDCPA, "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes. 15 U.S.C. § 1692a(5).

8.

Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6).

9.

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

10.

A debt collector may not violate the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

11.

Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained, statutory damages up to $1,000.00, attorneys' fees as determined by the Court and costs of this action. 15 U.S.C. § 1692k.

12.

The Telephone Consumer Protection Act 47 USC § 227 (TCPA), is an act to prohibit calls using any automatic telephone dialing system or artificial or prerecorded voices to:

- Emergency telephone lines

- Telephone lines of any guest room or patient room at a hospital, health care facility, elderly home or similar establishment

- Telephone numbers assigned to paging services, cellular telephone services, specialized mobile radio services, other radio common carrier services or any service for which the called party is charged for the call

- Any telephone call to a residential telephone line

- Send unauthorized faxes

13.

Under 47 USC § 227(a)(2) The Plaintiff does not have and expressed or implied relationship with Defendant NCO.

14.

Under 47 USC § 227(b)(1) B) it is a violation of the TCPA to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to

deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

15.

47 USC § 227(a)(1)The term ``automatic telephone dialing system" means equipment which has the capacity--

(A) to store or produce telephone numbers to be called,

using a random or sequential number generator; and

(B) to dial such numbers.

16.

Under The Telephone Consumer Protection Act 47 USC § 227   A person who suffers injury, loss, or damage, by the use of a method, act, or practice in violation of this act may bring an action for damages or other equitable relief with each call in violation of the statute is subject to a $500.00 penalty per call under 47 U.S.C. § 227(b)(3). If the caller willfully or knowingly violates the statute, then each statutory penalty can be trebled. 47 U.S.C. § 227(b)(3).

17.

The Florida Consumer Collection Practices Act (FCCPA), 559.55 et seq. is an act to regulate the collection practices of certain persons; to provide for the powers and duties of certain state agencies; and to provide penalties and civil fines.

18.

A Debt Collector means any person who uses any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the

principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. The term "debt collector" includes any creditor who, in the process of collecting her or his own debts, uses any name other than her or his own which would indicate that a third person is collecting or attempting to collect such debts. Florida Statutes, Sections 559.55 (6).

19.

"Debtor" or "consumer" means any natural person obligated or allegedly obligated to pay any debt. Florida Statutes, Sections 559.55 (2).

20.

"Communication" means the conveying of information regarding a debt directly or indirectly to any person through any medium, Sections 559.55 (5).

21.

"Debt" or "consumer debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment. Florida Statutes, Sections 559.55 (1).

22.

Prohibited acts by debt collectors or collection agencies under Florida Statutes, Sections 559.72, include:

((7) Willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his

family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family;

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist;

23.

Under Florida Consumer Collection Practices Act, 559.77 et seq.(1 and 2) A person who suffers injury, loss, or damage, or from whom money was collected by the use of a method, act, or practice in violation of this act may bring an action for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff.   In an action brought pursuant to subsection (1and 2), in determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

## V. FACTUAL ALLEGATIONS

24.

Plaintiff has been called for approximately two years by a prerecorded auto dialer from NCO that seeks to talk to Doreen Lindsay or Richard Lindsay, both of whom Plaintiff does not know or live with. **Please see attached Exhibit No. 1.**

25.

Plaintiff has received approximately one hundred auto dialer calls from: 800-350-2457 and 866-576-1447 and other numbers from NCO. **Please see attached**

**Exhibit No. 1.**

26.

For the last year, Plaintiff has asked NCO to cease and desist from calling him but the calls continue, sometimes twice a day. Plaintiff has spent extensive time arguing with NCO representatives who promise to take him off the NCO call list for auto dialers but the calls continue.  **Please see attached Exhibit No. 1.**

27.

Plaintiff has tried everything he can and communicated with different levels of the NCO administration. Each time he is promised that his phone number will be taken off the auto dialer list. Soon thereafter he is contacted again by NCO for Doreen Lindsay or Richard Lindsay.

28.

The calls follow the same pattern. Plaintiff is called by an auto dialer. When Plaintiff or his wife answer the call, there is a pause and then a live person comes on the line from NCO asking for Doreen Lindsay. If the calls go to voicemail, a recorded message is left for Doreen Lindsay. **Please see attached Exhibit No. 1.**

29.

Plaintiff has spent a great deal of time and effort working with NCO to get them to stop calling his phone number. The last time he talked with NCO on February 11, 2011, he managed to get through to NCO's compliance department to ask them again, to stop calling his house. Mr. Lindsay was asked for all of his numbers so that NCO could place those numbers on a "don't call list" to exclude him from any further auto dialer calls from NCO. Three days later, NCO called Mr. Lindsay on one of those numbers he had

provided.  **Please see attached Exhibit No. 1.**

30.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA and TCPA. **Please see attached Exhibit No. 2.**

31.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled in excess of $75,000, consequential damages and the costs and expenses of this action.

## VI. CAUSES OF ACTION

## CLAIM AGAINST DEFENDANT UNDER THE FDCPA

32.

Defendant has violated the FDCPA, 15 U.S.C. § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt. **Please see Paragraphs 24 through 29.**

33.

Defendant has violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt. **Please see Paragraphs 24 through 29.**

34.

Defendant has violated the FDCPA, 15 U.S.C. ' 1692b by communicating with any person other than the consumer for purposes other than acquiring location information. **Please see Paragraph 24 through 29.**

35.

Defendant has violated the FDCPA, 15 U.S.C. 1692b(1) by communicating with any person other than the consumer and not identifying himself and not stating that he is confirming or correcting location information concerning the consumer. **Please see Paragraph 24 through 29.**

36.

Defendant has violated the FDCPA, 15 U.S.C. 1692c(b) by communicating with any person other than the consumer in connection with the collection of any debt. **Please see Paragraphs 24 through 29.**

37.

Defendant has violated the FDCPA, 15 U.S.C. 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse or harass any person at the called number. **Please see Paragraphs 24 through 29.**

38.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FDCPA.

39.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled to statutory and consequential damages and the costs and expenses of this action.

**CLAIM AGAINST DEFENDANT UNDER THE TCPA**

40.

Defendant has violated 47 USC § 227(b)(1)(B) with constant prerecorded calls and auto dialers to Plaintiff even though Plaintiff has asked NCO to cease and desist and Plaintiff has no relationship with the NCO debt that Doreen Lindsay owes. **Please see Paragraphs 24 through 29.**

41.

Defendant has violated 47 USC § 227(b)(1)(B) with constant prerecorded messages and auto dialers after Plaintiff spent over a year telling Defendant to stop calling him as he was not Doreen Lindsay or anyone else NCO was calling him for. **Please see Paragraphs 24 through 29.**

42.

As a result of Defendant's wrongful conduct, Plaintiff is entitled to recover statutory damages, treble damages, costs and attorney's fees pursuant to 47 U.S.C. § 227(b)3.

43.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled, consequential damages and the costs and expenses of this action.

## CLAIM AGAINST DEFENDANT UNDER THE FCCPA

44.

Defendant has violated  559.72(7) by using a harassing, oppressive or abusive method to communicate or collect on a debt. **Please see Paragraphs 24 through 29.**

45.

Defendant has violated   559.72 (9) by claiming, attempting or threatening to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist. **Please see Paragraphs 24 through 29.**

46.

Upon adverse adjudication, the Defendant shall be liable for actual damages and for additional statutory damages of up to $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. In determining the defendant's liability for any additional statutory damages, the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of such noncompliance, and the extent to which such noncompliance was intentional.

47.

As a result of Defendant's wrongful conduct, Plaintiff has suffered statutory, actual, emotional and financial damages and also seeks his attorney fees and costs under the FCCPA.

48.

As a result of the actions of Defendant, Plaintiff hired the undersigned counsel. Counsel has been an attorney in good standing for almost 13 years and has handled thousands of consumer cases, personally. Counsel is known in his field of a consumer advocate and a competent, experienced consumer trial attorney. As a result, counsel's time is billed at the reasonable rate of $350.00 an hour.

49.

Plaintiff seeks judgment against the Defendant in whatever amount that Plaintiff is entitled, statutory and consequential damages and the costs and expenses of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court grants the following relief against the Defendant:

1.  For compensatory damages;
2.  For statutory damages under the FDCPA;
3.  For $1,000 and actual damages under 559.72;
4.  For attorney's fees and costs incurred in this action under the FDCPA and FCCPA;
5.  For Damages under the FCCPA, TCPA and the FDCPA, and
6.  For such other and further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a Trial by Jury on all issues.

This 15th day of February, 2010.

Respectfully submitted,

_____
BRIAN P. PARKER (0980668)
Attorney for Plaintiff

## INDEX OF EXHIBITS

Exhibit No. 1:        Plaintiff, Richard M. Lindsay Affidavit

Exhibit No. 2:        Plaintiff's Notes of Call Log